# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDOZ INC. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-3538 |
| | : | |
| LANNETT COMPANY, INC. | : | |

**McHUGH, J.**                                                            July 16, 2021
### MEMORANDUM

Defendant Lannett Company, Inc. has filed a motion to compel documents produced as part of a parallel arbitration proceeding between Plaintiff Sandoz Inc. and Cediprof, Inc. a third-party to this litigation. For the reasons below, the Motion will be granted in part and denied in part.

In its First Request for Production, Lannett sought:

> All documents, including, but not limited to, pleadings, briefs, communications, document productions, expert reports, and other discovery material, that are submitted, produced, or otherwise tendered by Sandoz in connection with the Arbitration.

ECF 72-3 at 9.

Sandoz opposes Lannett's motion to compel all documents responsive to this request, arguing that Lannett has failed to demonstrate relevance and that disclosure would impair the confidentiality of the Cediprof-Sandoz arbitration. *See* Pl.'s Resp. Opp'n Mot. Compel, ECF 75.

**A. Confidentiality**

Sandoz first claims that Lannett's motion would violate the terms of the Cediprof-Sandoz protective order, along with important federal interests regarding the confidentiality of arbitration. I cannot agree.

1

The Cediprof-Sandoz protective order does not bar this Court from granting Lannett's motion to compel. The order contains two dispositive clauses:

> Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Arbitration or to documents publicly filed.
>
> …
>
> Nothing in this Order will prevent any Party from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible.

ECF 75-2, ¶¶ 14, 15.

The Agreement indicates that Sandoz retains all rights with respect to the information that it produces in the arbitration. Because Lannett solely requests material that *Sandoz has tendered* in connection with the arbitration, requiring disclosure of these documents would not violate the terms of the protective order. *See Malibu Consulting Corp. v. Funair Corp.*, 2007 WL 173668, at \*4 (W.D. Tex. Jan. 18, 2007) ("Certainly, Funair could not breach an agreement between it and Raytheon by producing its own confidential information in this litigation"). A comprehensive protective order has also been entered in this case, which will ensure that Sandoz's materials remain confidential. *See* ECF 46.

Furthermore, after weighing Lannett's interest in discovery against the general federal interest in protecting the confidentiality of arbitrations, I conclude that the requested discovery is warranted. Sandoz cites several instances where courts have denied discovery of arbitration materials. But these cases are distinguishable, as the plaintiffs there sought information from an earlier arbitration proceeding initiated by a third-party against the same defendant. *See, e.g. Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, No. 03-cv-0531, 2005 WL

1522783, at *4 (E.D.N.Y. June 28, 2005); *In re W.R. Grace & Co.*, 475 B.R. 34, 192 (D. Del. 2012); *Pasternak v. Dow Kim*, No. 10-cv-5045, 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013). In denying discovery, the courts attempted to safeguard the expectations of the original parties, who lacked notice that the arbitration materials would be used in a subsequent, unconnected proceeding. This concern is diminished here because Sandoz itself filed suit against Lannett shortly after it filed a demand for arbitration against Cediprof. Given the close relationship between this matter and the arbitration, Lannett's interest in discovery is compelling and outweighs any institutional concerns about preserving the confidentiality of arbitration proceedings.[1]

**B. Relevance**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[2] Evidence is relevant if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b).

The arbitration materials are certainly relevant to Lannett's defense against Sandoz's tortious interference claim. Sandoz has alleged that Lannett induced Cediprof to devise a pretextual means of terminating Sandoz's contract early, in exchange for a payment for $20 million. *See* Compl. ¶¶ 27, 67, ECF 1. Sandoz's demand for arbitration against Cediprof mirrors that position, advancing a claim that Cediprof's termination of its relationship with Sandoz was wrongful. *Id.* ¶ 42. Because these claims are closely related, the documents produced or

---

[1] Because I hold that the information is discoverable, I need not address the parties' arguments with respect to whether confidentiality was waived.

[2] Sandoz does not argue that proportionality is at issue here. In any case, production would not be burdensome.

exchanged during the arbitration could tend to support other reasons why Cediprof sought to terminate its relationship with Sandoz. I will therefore grant Lannett's motion with respect to the materials requested, with the exception that documents pertaining solely to Cediprof's counterclaims against Sandoz need not be produced. This ruling extends as well to the depositions and expert reports in the arbitration, once they are produced.

An appropriate Order follows.

    /s/ Gerald Austin McHugh
United States District Judge