IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDOZ INC. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-3538 |
| | : | |
| LANNETT COMPANY, INC. | : | |

**McHUGH, J.**                                                                                                    **October 12, 2021**

**MEMORANDUM**

Plaintiff Sandoz Inc. has filed a motion to modify the Protective Order (ECF 46) to allow Sandoz to use selected depositions from Defendant Lannett in a parallel arbitration proceeding between Sandoz and Cediprof, Inc., a third-party to this litigation. ECF 102. Lannett opposes modification of the Protective Order. ECF 106. For the reasons below, the Motion will be granted.

**I.   Standard of Review**

This Court entered a Protective Order outlining the confidentiality of certain documents on November 4, 2020. ECF 46. The Protective Order negotiated by the parties contemplates that it may be modified "where the interest of justice so requires." *Id*. at ¶ 22. Specifically, it provides that "[a]ny party for good cause shown may apply to the Court for modification of this Protective Order." *Id.* The Order is consistent with the principle that the District Court "retains the power to modify or lift protective orders that it has entered." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 784 (3d Cir. 1994).

Courts engage in a two-step analysis when considering modification of an existing protective order. First, the moving party must come forward with a reason to modify the order.

*Id.* at 790.  Then, the court conducts a balancing test considering of a number of factors,[1] including reliance by the original parties to the order, to evaluate if good cause exists.  *Id.*

## II. Discussion:

### a. Sandoz has Shown Reason to Modify the Order

Sandoz argues that modification is proper because the deposition transcripts are relevant and necessary to prosecution of its claims and defenses in the arbitration with Cediprof.  ECF 102 at 7.  Lannett disputes the testimony's relevance to the arbitration.  ECF 106 at 16.  As this Court has previously noted, this case and the parallel arbitration have claims that are "closely related."  ECF 82 at 3.  Specifically, Sandoz's claim here alleges that Lannett induced Cediprof to pretextually terminate Sandoz's contract early, in exchange for a $20 million dollar payment.  *See* ECF 1 ¶¶ 27, 67.  Sandoz's demand for arbitration against Cediprof alleges wrongful termination along the same lines.  *Id.* ¶ 42.  As the facts of these claims overlap, the Lannett depositions from this case could tend to support Sandoz's claims against Cediprof.  The relevance of the depositions to the arbitration provides a reason to modify the protective order.  *See In re Linerboard Antitrust Litig.,* 333 F. Supp. 2d 333, 338, 341 (E.D. Pa. 2004) (granting Canadian intervenor's motion to modify confidentiality order to permit access to discovery material relevant to similar Canadian action); *Oracle Corp. v. SAP AG,* No. C-07-01658 PJH (EDL), 2010 WL 545842, at *1–2 (N.D. Cal. Feb. 12, 2010) (granting plaintiffs' motion to modify the protective order to allow its use of

---

[1] The *Pansy* Court outlined a series of factors including: "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Arnold v. Pa. Dept. of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007) (citing *Pansy,* 23 F.3d at 787-88).

discovery obtained in the case in potential related European litigation, where Plaintiffs' anticipated litigation "would be based on the same facts as alleged in this case.")

### b. Under the *Pansy* Factors, Good Cause Exists to Modify the Order

Weighing both parties' arguments under the *Pansy* factors, I conclude that good cause exists to permit modification of the Order.

Lannett clearly has a strong privacy interest in its confidential information and argues that, while it is aligned with Cediprof as a business partner, Cediprof should not have carte blanche access to Lannett's confidential information. ECF 106 at 10. However, these concerns are mitigated by the fact that the modification is limited in scope (only three depositions) and the arbitration is a closed proceeding without public filings. Moreover, there is an identical protective order in the arbitration, which will limit disclosure of the selected depositions to "Outside Counsel's Eyes Only." ECF 102 at 14. These protections persuade me that Lannett's privacy interests are not dispositive. *See INVISTA N. Am. S.a.r.l. v. M & G USA Corp.,* No. CIV.A. 11-1007-SLR, 2013 WL 1867345, at *2 (D. Del. Mar. 28, 2013), report and recommendation adopted sub nom. *Invista N. Am. S.A.R.I. v. M7G USA Corp.*, No. CIV. 11-1007-SLR/CJB, 2013 WL 2456252 (D. Del. June 5, 2013) (modification allowed where information would not be made public and protections were available in forum where confidential information will be used); *Infineon Techs. AG V. Green Power Techs. Ltd.,* 247 F.R.D. 1, 3 (D.D.C. 2005) (confidentiality concerns allayed where modification was limited and movant's counsel agreed to be bound by terms of existing protective order).

In addition, considerations of fairness and equity weigh in favor of modification. Sandoz's purpose here is for legitimate use in a parallel proceeding. Lannett argues that fairness requires that Sandoz be barred from modification, because Sandoz was party to the original protective order

negotiations and had the opportunity to obtain Lannett testimony in the arbitration, but failed to do so.[2]  ECF 106 at 9-16.  Foreseeability, however, is not a listed *Pansy* factor; Sandoz did try to seek discovery within the arbitration discovery period; and Sandoz should not be forced to engage in duplicative discovery.  *See Oracle* 2010 WL 545842, at *1 ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.") (internal citation omitted).

Both parties admit that this case does not involve matters of public importance or public parties.  Although modification and disclosure may be particularly important in matters of public concern, the fact that this involves only private parties is not dispositive, as modification here is in the interests of fairness and equity.

Finally, Lannett argues that it relied on the order throughout the entire discovery process and Sandoz should not now be allowed to change the ground rules.  ECF 106 at 20-21.  But the modification is limited in scope: the testimony will not be stripped of confidentiality and will continue to be subject to an identical protective order in the arbitration.  *See Infineon,* 247 F.R.D. at 3 ("[T]here is no issue of reliance in this case because the confidentiality provisions will remain in place.")  And reliance "should not be outcome determinative" and is only one factor to weigh. *Pansy*, 23 F.3d at 790.  On balance, I find good cause for modification.

### III.   Conclusion

For the reasons set forth above, Sandoz's requested modification of the protective order will be granted.  An appropriate order follows.

/s/ Gerald Austin McHugh<br>United States District Judge

---

[2] Sandoz served subpoenas on Lannett on the last day of the arbitration discovery period.  ECF 106 at 11.