UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDOZ INC.,<br><br>                          Plaintiff,<br><br>- against -<br><br>LANNETT COMPANY, INC.,<br><br>                          Defendant. | Case No. 20-cv-3538 (GAM)<br><br>Civil Action |

**DEFENDANT LANNETT COMPANY, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION
OF THE COURT'S NOVEMBER 4, 2021 ORDER
GRANTING IN PART AND DENYING IN PART
<u>PLAINTIFF SANDOZ INC.'S MOTION TO COMPEL</u>**

Karl Gunderson (PA Bar ID 315413)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: 312-862-2379
karl.gunderson@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*)
Jay P. Lefkowitz, P.C. (*pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
devora.allon@kirkland.com
lefkowitz@kirkland.com

*Attorneys for Lannett Company, Inc.*

## TABLE OF CONTENTS

                                  **Page**

INTRODUCTION ............................................................................................................................1

LEGAL STANDARD.....................................................................................................................1

ARGUMENT..................................................................................................................................2

I.     INTERNAL COMMUNICATIONS CONTAINING LEGAL ADVICE TRANSMITTED TO NON-ATTORNEYS ARE PROTECTED UNDER THE ATTORNEY-CLIENT PRIVILEGE. ............................................................................2

CONCLUSION...............................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AAMCO Transmissions, Inc. v. Marino*,
  1991 WL 193502 (E.D. Pa. Sept. 24, 1991) ..................................................................5

*Arconic Inc. v. Novelis Inc.*,
  2018 WL 11317066 (W.D. Pa. Dec. 10, 2018), *report and recommendation
  adopted*, 2019 WL 12265811 (W.D. Pa. Feb. 7, 2019) ..................................................5

*BouSamra v. Excela Health*,
  210 A.3d 967 (Pa. 2019) ....................................................................................1, 2, 3, 4

*Gillard v. AIG Ins. Co.*,
  15 A.3d 44 (Pa. 2011) ......................................................................................................4

*Hoffman v. Wells Fargo Bank, N.A.*,
  2015 WL 3755207 (E.D. Pa. June 16, 2015) ..................................................................2

*Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*,
  2008 WL 4822537 (W.D. Pa. Nov. 4, 2008) ..................................................................5

*In re Niaspan Antitrust Litig.*,
  2017 WL 3668907 (E.D. Pa. Aug. 24, 2017) ..................................................................6

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
  2021 WL 1649894 (E.D. Pa. Apr. 16, 2021), *report and recommendation
  adopted*, 2021 WL 1628127 (E.D. Pa. Apr. 27, 2021) ..................................................6

*Keating v. McCahill*,
  2012 WL 2527024 (E.D. Pa. July 2, 2012) ......................................................................5

*King Drug Co. of Florence v. Cephalon, Inc.*,
  2013 WL 4836752 (E.D. Pa. Sept. 11, 2013) ..................................................................5

*Off. of Disciplinary Couns. v. Baldwin*,
  225 A.3d 817 (Pa. 2020) ..............................................................................................2, 4

*Se. Pa. Transp. Auth. v. Caremarkpcs Health, L.P.*,
  254 F.R.D. 253 (E.D. Pa. 2008) ......................................................................................5

*SmithKline Beecham Corp. v. Apotex Corp.*,
  232 F.R.D. 467 (E.D. Pa. 2005) ...................................................................................5, 6

*SodexoMAGIC, LLC v. Drexel Univ.*,
   291 F. Supp. 3d 681 (E.D. Pa. 2018) ................................................................................4, 5

*Tallo v. Ethicon Women's Health & Urology*,
   2020 WL 6220747 (E.D. Pa. Apr. 29, 2020) ........................................................................1

*United States ex rel. Lord v. NAPA Mgmt. Servs. Corp.*,
   2019 WL 5829535 (M.D. Pa. Nov. 7, 2019) ........................................................................5

## INTRODUCTION

Lannett brings this narrow motion for reconsideration of one discrete portion of this Court's November 4, 2021 Order (the "Order"), ECF No. 111, granting in part and denying in part Sandoz's Motion to Compel Production of Information Withheld on the Basis of Privilege, *see* ECF No. 93. Specifically, in the Order this Court held that "an email chain among only Lannett employees with no counsel copied passing on legal advice from outside counsel" was not privileged because "no attorney is present on [this] communication[]" and therefore it failed "to satisfy the second prong" of the four-part test for attorney-client privilege articulated by the Pennsylvania Supreme Court in *BouSamra v. Excela Health*, 210 A.3d 967 (Pa. 2019), "that the communications be made to an attorney or their agent." Order at 4. But the *BouSamra* Court was clear that its test for attorney-client privilege did not necessarily preclude finding that inter-corporate communications that relayed legal advice are privileged. And scores of federal courts in this district have held that such communications can be—and often are—privileged.

Accordingly, because this Court's holding concerning such communications is not supported by, and is inconsistent with, *BouSamra*, and because this holding is directly in conflict with numerous decisions by courts in this district and its sister districts interpreting attorney-client privilege in the corporate context under Pennsylvania law, Lannett respectfully requests that this Court reconsider its holding and find that certain communications between non-attorneys in a corporate context fall under the ambit of the attorney-client privilege.

## LEGAL STANDARD

Lannett recognizes that "[t]he scope of a motion for reconsideration . . . is extremely limited, and its purpose is to correct manifest errors of law or fact or to present newly discovered evidence." *Tallo v. Ethicon Women's Health & Urology*, 2020 WL 6220747, at *1 (E.D. Pa. Apr. 29, 2020) (McHugh, J.) (internal citations omitted). However, reconsideration is

appropriate when the Court misapplies or misconstrues controlling law. *See, e.g.*, *Hoffman v. Wells Fargo Bank, N.A.*, 2015 WL 3755207, at *9 (E.D. Pa. June 16, 2015) (McHugh, J.) (granting motion for reconsideration where the Court initially failed to "consider the impact" of a "valid theory" advanced by moving party). Because this case arises "under Pennsylvania law, its privilege rules must be applied," but to the extent that there are "gaps in Pennsylvania privilege law," courts permissibly and "understandably . . . look[] to federal precedent." Order at 3.

## ARGUMENT

### I. INTERNAL COMMUNICATIONS CONTAINING LEGAL ADVICE TRANSMITTED TO NON-ATTORNEYS ARE PROTECTED UNDER THE ATTORNEY-CLIENT PRIVILEGE.

In the Order, this Court explained that "the Pennsylvania Supreme Court re-examined the contours of attorney-client privilege" in *BouSamra*, and so relied principally on *BouSamra* to establish the bounds of the privilege. Order at 3; *see id.* at 4–5. Although *BouSamra* clearly delineates a four-prong test for establishing that a communication is subject to the attorney-client privilege, as the Court notes—and as neither party disputes[1]—this test is "consistent with" over two-decades of "earlier precedent from the Superior Court." *Id.* at 4 n.2 (citing cases); *see, e.g.*, *Off. of Disciplinary Couns. v. Baldwin*, 225 A.3d 817, 850 (Pa. 2020) ("Aside from the fact-specific determination of the relationship of the media consultant as a third-party to the client, *BouSamra* did not plow new legal ground"). Under the test, a communication is privileged if:

> 1) [t]he asserted holder of the privilege is or sought to become a client[;]
> 2) [t]he person to whom the communication was made is a member of the bar of a court, or his subordinate[;]
> 3) [t]he communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law,

---

[1] *See, e.g.*, Sandoz's Memorandum of Law In Support of its Motion to Compel Information Withheld on the Basis of Privilege, ECF No. 93, at 14 (citing a substantially similar test for privilege).

2

legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort[;]
4) [t]he privilege has been claimed and is not waived.

Order at 3 (quoting *BouSamra*, 210 A.3d at 983). Applying these prongs to the set of documents it reviewed *in camera*, this Court concluded that Document 46—an email chain among only Lannett employees with no counsel copied—was not privileged. *Id*. at 4. The Court explained that although the document clearly "pass[ed] on legal advice from outside counsel," because the communication was between non-lawyers and had "no counsel copied" it "fail[ed] to satisfy the second prong [of *BouSamra*] that the communication be made to an attorney or their agent, and thus, [Document 46 is] not protected by the attorney-client privilege." *Id*.

Lannett respectfully asks the Court to reconsider this holding because it misapplies *BouSamra* and is against the great weight of authority in this district and its sister districts in Pennsylvania.

*First*, notwithstanding the seemingly bright-line rule established by the second prong of its test, *BouSamra* does not stand for the legal proposition that *all* internal communications within a corporation that do not contain an attorney are *per se* excluded from the ambit of the attorney-client privilege. The Court in *BouSamra* addressed the question of whether the privilege is waived when privileged information is shared to a third party *outside* of a corporation, and ruled that in that case it was. *See BouSamra*, 210 A.3d at 985. But the *BouSamra* Court expressly did not reach the question of whether sharing privileged information *within* a corporation waives privilege. *See id.* at 984 n.13 ("[W]e need not address whether Excela waived the privilege when Fedele sent the communication to other Excela employees."). To the contrary, the Court in *BouSamra* acknowledged that relaying legal advice to employees within the corporation *might* preserve the privilege, under the theory that other corporate

3

employees may be "under the ambit of the attorney-client privilege as it applied to [the corporation] and its outside counsel," *id.* at 984, and explained that "evaluating this argument is a fact-intensive exercise," implicitly recognizing that in some circumstances, the privilege would be preserved, *id.* at 984 n.13. In light of the *BouSamra* Court's limitation of the scope of its holding and its comments concerning the application of the privilege to inter-corporate communications, *BouSamra* does not support the proposition that the only corporate communications which can be protected under the attorney-client privilege are communications involving an attorney.[2]

*Second*, considering the absence of controlling precedent from the Pennsylvania courts, it is appropriate to consider how federal courts address this issue under Pennsylvania law. *See* Order at 3. On this question, the conclusion is clear and emphatic: courts in this district analyzing attorney-client privilege issues under Pennsylvania law overwhelmingly recognize that communications between non-lawyers that relay legal advice may be privileged. For example, in *SodexoMAGIC, LLC v. Drexel Univ.*, 291 F. Supp. 3d 681 (E.D. Pa. 2018), Judge Baylson assessed a corporation's claim of privilege "under Pennsylvania law," explicitly applying the same four-part test articulated by the Pennsylvania Supreme Court in *BouSamra*, and which

---

2   Moreover, it is clear that not even the Pennsylvania Supreme Court applies the second prong strictly according to its wording. By its terms, the second prong of the attorney-client privilege test would limit that application of the privilege to instances in which "[t]he person *to whom the communication was made* is a member of the bar of a court, or his subordinate," *BouSamra*, 210 A.3d at 983 (emphasis added), meaning that the privilege only attaches to communications *to* lawyers (or their agents), but not communications *from* lawyers (or their agents). As this Court rightfully concluded, however, this prong is satisfied when an "attorney is present on [a] communication[]," irrespective of in which direction the communication flows. Order at 4; *see also Off. of Disciplinary Couns.*, 225 A.3d at 849 ("Despite the language of the statute, communications from an attorney to a client—not just communications by a client to an attorney—are protected under Pennsylvania law." (citing *Gillard v. AIG Ins. Co.*, 15 A.3d 44 (Pa. 2011))). This Court would not be breaking new ground in construing the text of prong two in light of the Pennsylvania Supreme Court's "considered judgment . . that—if open communication is to be facilitated—a broader range derivative protection is implicated" by the privilege. *Gillard*, 15 A.3d at 57 ("Indeed, we believe it would be imprudent to establish a general rule to require the disclosure of communications which likely would not exist (at least in their present form) but for the participants' understanding that the interchange was to remain private.").

4

included the requirement that "the person to whom the communication was made . . . is a member of the bar of a court, or his or her subordinate." *Id.* at 683. Even under this framework, however, Judge Baylson reiterated that "[a] document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds," *id.* at 684 (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005)), so long as it is "clear[] . . . that the communication in question was made for the express purpose of securing legal not business advice," *id.* (quoting *AAMCO Transmissions, Inc. v. Marino*, 1991 WL 193502, at *3 (E.D. Pa. Sept. 24, 1991)). And applying this rule, the court there had no trouble concluding that the privilege attaches where "a lawyer [] provides legal advice, which . . . a non-lawyer[] forwards to . . . a non-lawyer[], while making clear that his response is based on [the lawyer's] counsel." *Id.* at 686. This same conclusion has been reached by countless other courts in this district and its sister districts. *See SmithKline Beecham*, 232 F.R.D. at 477 ("A document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds . . . . [D]ocuments subject to the privilege may be transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately." (internal quotation marks and citations omitted)); *Se. Pa. Transp. Auth. v. Caremarkpcs Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa. 2008)[3] (same); *Keating v. McCahill*, 2012 WL 2527024, at *3 (E.D. Pa. July 2, 2012) (same); *King Drug Co. of Florence v. Cephalon, Inc.*, 2013 WL 4836752, at *8 (E.D. Pa. Sept. 11, 2013) (same); *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, 2008 WL 4822537, at *3 (W.D. Pa. Nov. 4, 2008) (same); *United States ex rel. Lord v. NAPA Mgmt. Servs. Corp.*, 2019 WL 5829535, at *13 (M.D. Pa. Nov. 7, 2019) (same); *Arconic Inc. v. Novelis Inc.*, 2018 WL 11317066, at *3 (W.D. Pa. Dec. 10, 2018), *report*

---

[3] Lannett cited *Southeastern. Penn. Transportation Authority* for this proposition in its opposition to Sandoz's Motion to Compel. *See* ECF No. 98, at 12 n.30.

*and recommendation adopted*, 2019 WL 12265811 (W.D. Pa. Feb. 7, 2019) (same); *In re Niaspan Antitrust Litig.*, 2017 WL 3668907, at *4 (E.D. Pa. Aug. 24, 2017) ("intra corporate distribution of legal advice received from counsel does not vitiate the privilege"); *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 2021 WL 1649894, at *2 (E.D. Pa. Apr. 16, 2021), *report and recommendation adopted*, 2021 WL 1628127 (E.D. Pa. Apr. 27, 2021) (same).

As applied here, Document 46 is properly withheld as privileged. As this Court described, Document 46 "is an email chain among only Lannett employees with no counsel copied passing on legal advice from outside counsel." Order at 4. It is clear from the face of the document that Lannett employees were discussing and attempting to implement legal advice from counsel. In this circumstance, where legal advice from counsel was "transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately," *SmithKline Beecham*, 232 F.R.D. at 477, such internal communications remain privileged.

Given the Pennsylvania Supreme Court's recognition that there may be exceptions for inter-corporate communications, and the vast weight of authority from federal courts in Pennsylvania expressly holding that such an exception exists, this Court's holding that Pennsylvania law creates a *per se* requirement that no privilege attaches to a communication—even one expressly relaying legal advice from outside counsel—unless the communication includes an attorney, misapplies controlling law. Lannett respectfully requests that the Court reconsider this very narrow portion of its Order.

## CONCLUSION

For the foregoing reasons, Lannett respectfully requests that the Court reconsider portions of its November 4, 2021 Order and hold that Document 46 is properly protected by the attorney-client privilege.

6

Dated: New York, New York  
November 11, 2021

KIRKLAND & ELLIS LLP

By:   */s/ Devora W. Allon, P.C.*
Devora W. Allon, P.C. (*Pro hac vice*)
Jay P. Lefkowitz, P.C. (*Pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
devora.allon@kirkland.com
lefkowitz@kirkland.com

Karl Gunderson (PA Bar ID 315413)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: 312-862-2379
karl.gunderson@kirkland.com

*Attorneys for Lannett Company, Inc.*

**CERTIFICATE OF SERVICE**

I, Devora W. Allon, hereby certify that on November 11, 2021, I served the foregoing Memorandum of Law by electronically filing this document with the Clerk of Court using the CM/ECF system, which will send an electronic notice to the registered participants as identified on the Notice of Electronic Filing.

Dated: November 11, 2021
                                         */s/ Devora W. Allon*
                                         Devora W. Allon, P.C.