# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SANDOZ INC.,

        Plaintiff,

-vs-

LANNETT COMPANY, INC.,

        Defendant.

Case No. 2:20-cv-3538-GAM

## SANDOZ INC.'S OPPOSITION TO
## LANNET'S MOTION FOR RECONSIDERATION

MORRISON & FOERSTER LLP

By:  /s/ Jessica Kaufman
    Jessica Kaufman (*Pro hac vice*)
    Tiffani B. Figueroa (*Pro hac vice*)
    Tamara Wiesebron (*Pro hac vice*)
    250 West 55th Street
    New York, New York 10019-9601
    Tel.: (212) 468-8000
    Email: JKaufman@mofo.com
           TFigueroa@mofo.com
           TWiesebron@mofo.com

TROUTMAN PEPPER HAMILTON
SAUNDERS LLP

Michael A. Schwartz (PA 60234)
Robin P. Sumner (PA 82236)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Tel.: (215) 981-4000
Email: Michael.Schwartz@troutman.com
        Robin.Sumner@troutman.com

*Attorneys for Plaintiff Sandoz Inc.*

## TABLE OF CONTENTS

                                                                      **Page**

BACKGROUND ............................................................................................................................. 1

LEGAL STANDARD ................................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

I.     LANNETT'S MOTION FOR RECONSIDERATION ATTEMPTS TO RELITIGATE AN ALREADY-DECIDED ISSUE, WHICH DOES NOT MEET THE STANDARD FOR RECONSIDERATION. ............................................................ 2

II.    THIS COURT PROPERLY APPLIED THE LAW. ......................................................... 4

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blystone v. Horn*,
  664 F.3d 397 (3d Cir. 2011)..................................................................................2, 3, 4

*BouSamra v. Excela Health*,
  210 A.3d 967 (Pa. 2019) .................................................................................................4

*Echols v. Premiere Credit of North Am.*,
  No. 19-4125, Dkt. No. 42 (E.D. Pa. Mar. 9, 2021) (McHugh, J.) .........................2, 3

*Exxon Shipping Co. v. Baker*,
  554 U.S. 471 (2008)..........................................................................................................2

*Keating v. McCahill*,
  No. 11-518, 2012 WL 2527024 (E.D. Pa. July 2, 2012) .......................................5, 6

*King Drug Co. of Florence v. Cephalon, Inc.*,
  Nos. 2:06-cv-1797, 2:08-cv-2141, 2013 WL 4836752 (E.D. Pa. Sept. 11,
  2013) ..................................................................................................................................3

*Moton v. Harris, et al.*,
  No. 19-5014 (E.D. Pa. Jan. 21, 2021), Dkt. No. 42 ..................................................3

*In re Niaspan Antitrust Litig.*,
  No. 13-MD-2460, 2017 WL 3668907 (E.D. Pa. Aug. 24, 2017) ..............................6

*Se. Pa. Transp. Auth. v. Caremarkpcs Health, L.P.*,
  254 F.R.D. 253 (E.D. Pa. 2008).................................................................................3, 5

*Shelton v. Cnty. of Chester*,
  No. 13-4667, 2015 WL 5729268 (E.D. Pa. Sept. 30, 2015) (McHugh, J.)..........2, 3

*Simpson v. Temple Univ., et al.*,
  No. 18-2272 (E.D. Pa. Sept. 6, 2019), Dkt. No. 44 ..................................................3

*Smithkline Beecham Corp. v. Apotex Corp.*,
  232 F.R.D. 467 (E.D. Pa. 2005).................................................................................3, 5

*SodexoMAGIC, LLC v. Drexel Univ.*,
  291 F. Supp. 3d 681 (E.D. Pa. 2018) ........................................................................5, 6

*Tallo v. Ethicon Women's Health & Urology*,
  No. CV 16-4974, 2020 WL 6220747 (E.D. Pa. Apr. 29, 2020) (McHugh, J.).....2, 3

Lannett's Motion for Reconsideration presents nothing new: it identifies no new facts, and it cites no change in the law. Instead, Lannett claims the Court made a "manifest error" in applying the law when it granted in part Sandoz's Motion to Compel. *See* Lannett's Opening Brief ("Br."), Dkt. No. 113-1, at 1. But Lannett raises the same arguments, and cites much of the same case law, that it raised in opposing that Motion to Compel. Lannett seeks nothing more than an attempt to relitigate a decided issue—which is not an appropriate purpose for a motion for reconsideration. Accordingly, the motion fails to meet the standard for reconsideration, and should be denied.

Even if the Court indulged Lannett's request to reconsider, the Court should arrive at the same conclusion. The Court already considered Lannett's arguments and correctly applied the law when it reviewed the challenged document *in camera*. Lannett's Motion should be denied for this independent reason as well.

## BACKGROUND

On August 13, 2021, Sandoz moved to compel production of information withheld on the basis of privilege by Sandoz and third party Cediprof. *See* Dkt. No. 95. Among other things, Sandoz moved to compel the production of Document 46 on Lannett's Privilege Log, which had been produced in redacted form as LANNETT_0000903 ("Document 46"). *See* Dkt. No. 93-03 (Lannett's Privilege Log).

After reviewing that document, and others subject to the motion to compel, *in camera*, the Court ordered production (in whole or in part) of more than 40 documents previously withheld as privileged, including Document 46. *See* Dkt. No. 111 ("November 4, 2021 Order"). Specifically with respect to Document 46, the Court noted that *no counsel* were copied on the email chain, and that the "email chains fail to satisfy the second prong that the communication be

1

made to an attorney or their agent, and thus, are not protected by the attorney-client privilege." *Id.* at 4.

Lannett has moved for reconsideration of that ruling. *See* Dkt. Nos. 113, 113-1. In moving for reconsideration, Lannett did not include any new evidence. To date, Lannett has not produced an unredacted version of Document 46, as it was ordered to do. *See* November 4, 2021 Order at 4. Thus, although the Court has reviewed the document *in camera*, Sandoz does not have the benefit of the content of the email itself in responding to Lannett's arguments.

## LEGAL STANDARD

As this Court has recognized, the "[t]he scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoted in *Shelton v. Cnty. of Chester*, No. 13-4667, 2015 WL 5729268, at *1 (E.D. Pa. Sept. 30, 2015) (McHugh, J.)). Such a motion should be denied unless the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted). Motions for reconsideration "are not to be used as an opportunity to relitigate the case." *Tallo v. Ethicon Women's Health & Urology*, No. CV 16-4974, 2020 WL 6220747, at *1 (E.D. Pa. Apr. 29, 2020) (McHugh, J.) (quotation omitted) (citing *Blystone*, 664 F.3d at 415); *see also Echols v. Premiere Credit of North Am.*, No. 19-4125, Dkt. No. 42 at 1 (E.D. Pa. Mar. 9, 2021) (McHugh, J.) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## ARGUMENT

I. **LANNETT'S MOTION FOR RECONSIDERATION ATTEMPTS TO RELITIGATE AN ALREADY-DECIDED ISSUE, WHICH DOES NOT MEET THE STANDARD FOR RECONSIDERATION.**

Defendant Lannett's motion for reconsideration does not cite any intervening change in the controlling law or any new evidence. It argues only that the Court has "misapplie[d] or

misconstrue[d] controlling law." Br. at 2. In doing so, Lannett raises the same arguments, and cites much of the same case law, that it cited in its Opposition to Sandoz's Motion to Compel. *Compare* Br. (generally) *with* Dkt. No. 98 at 10–12 & n.30 (arguing that certain communications between non-lawyers may be privileged and citing, *e.g.*, *Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005); *Se. Pa. Transp. Auth. v. Caremarkpcs Health, L.P.* ("*SEPTA*"), 254 F.R.D. 253, 258 (E.D. Pa. 2008); *King Drug Co. of Florence v. Cephalon, Inc.*, Nos. 2:06-cv-1797, 2:08-cv-2141, 2013 WL 4836752, at *8 (E.D. Pa. Sept. 11, 2013)).

Courts in this Circuit, including this Court, routinely deny reconsideration motions when a party attempts to relitigate a decided issue without presenting new facts or a change in the law. *E.g. Echols*, No. 19-4125, Dkt. No. 42 at 1 (denying motion when the movant sought "to relitigate issues already resolved against her without providing new evidence or a demonstrating a clear error of law"); *Moton v. Harris, et al.*, No. 19-5014 (E.D. Pa. Jan. 21, 2021), Dkt No. 42 (denying motion for consideration because "[t]here has been no intervening change in the law and the Court did not commit error in its prior ruling"); *Tallo*, 2020 WL 6220747, at *1 (denying motion for reconsideration without re-analyzing the underlying issue because movants "raise no new argument or facts that persuade me to revisit my earlier ruling"); *Simpson v. Temple Univ., et al.*, No. 18-2272 (E.D. Pa. Sept. 6, 2019), Dkt. No. 44 at 1–2 (denying motion for reconsideration without considering movant's substantive arguments when the only additional evidence presented in the motion had been available to movant before litigation of underlying summary judgment motion); *Shelton*, 2015 WL 5729268, at *1 (denying motion for reconsideration related to a discovery motion when plaintiff argued, pursuant to the third prong of *Blystone*, that the Court misapplied the law).

Likewise, here, Lannett presents no new facts and no change in the law. Instead, it re-raises a legal argument that the Court already considered when it conducted its *in camera* review.

3

As set forth below, Lannett does not even show that the court erred, let alone "the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone*, 664 F.3d at 415. Accordingly, Lannett has not met the standard for reconsideration in the Third Circuit, and the motion for reconsideration should be denied.

**II.    THIS COURT PROPERLY APPLIED THE LAW.**

Substantively, the Court properly applied the law when it reviewed Document 46 *in camera* and ordered that it be produced. It is undisputed that communications between non-attorneys relaying legal advice *may* retain their privileged status *under certain circumstances*, as the Court recognized in several of its other rulings, permitting, for example, redaction of legal advice forwarded by employees in Documents 649 and 829. November 4, 2021 Order at 4–5. But those circumstances are narrow, and the Court already considered those narrow exceptions when it reviewed Document 46 *in camera*.

Lannett relies heavily on dicta from *BouSamra v. Excela Health*, 210 A.3d 967 (Pa. 2019). In that case, the Pennsylvania Supreme Court held that attorney-client privilege was waived when an employee of the defendant company forwarded legal advice to a third party. *Id.* at 986. The Court expressly did not reach the question of whether the forwarding of legal advice to other employees within the company would abrogate its privileged status, but the Court noted in dicta that such a determination would depend upon "whether each individual included on the email was a director, officer, or other employee permitted to act on the corporation's behalf." *Id.* at 984 n.13 (citations omitted). Lannett has made no such showing. Thus, *BouSamra* does not address the issue here, and even the dicta Lannett cites does not support this position.

The federal court cases that Lannett cites uniformly hold that communications between non-attorneys relaying legal advice are not *automatically* privileged: they are privileged only

under narrow circumstances. Legal advice forwarded by one non-attorney employee to another non-attorney employee loses its privileged status unless (1) the party seeking to assert privilege identifies a specific attorney with whom a confidential communication was made, (2) that communication is forwarded on an as-needed basis, and (3) the privileged advice is recited substantially verbatim. *See, e.g.*, *SodexoMAGIC, LLC v. Drexel Univ.*, 291 F. Supp. 3d 681, 686 (E.D. Pa. 2018) (holding that communications between non-lawyers relying on prior privileged advice did not retain their privileged character "unless the counsel's interpretation is repeated in essentially verbatim language in the email"); *Keating v. McCahill*, No. 11-518, 2012 WL 2527024, at *3, *11 (E.D. Pa. July 2, 2012) (noting that "privilege is waived if the communications are disclosed to employees who did not need access to them" and holding that "the personal opinion or comments from a non-lawyer to another non-lawyer about communications from a lawyer are not protected under the attorney client privilege . . . only the communications to or from the attorney are protected" (quotation and citation omitted)); *SEPTA*, 254 F.R.D. at 258 (holding that only communications relayed to other non-lawyers on a "need to know basis" retain privileged status, that "privilege is waived if the communications are disclosed to employees who did not need access to them" (quotation and citation omitted) and that the party seeking to assert privilege must identify a specific attorney with whom a confidential communication was made); *SmithKline*, 232 F.R.D. at 476 ("[P]rivilege is waived if the communications are disclosed to employees who did not need access to them." (quotation and citation omitted)). Lannett has not shown that Document 46 satisfies those requirements.

For example, in *In re Niaspan Antitrust Litig.*, No. 13-MD-2460, 2017 WL 3668907 (E.D. Pa. Aug. 24, 2017), cited by Lannett, the Court held that Entry 516, a communication between businesspeople, not lawyers, was improperly withheld as privileged, because there was

5

no evidence that a lawyer requested or used the information conveyed for the purpose of providing legal advice, the lawyer was not copied, and there was no evidence that he was even aware the email was sent. *Id.* at *7. Similarly, in *Keating*, the court held that an email between two non-attorneys discussing and commenting on a communication from a lawyer was not privileged. 2012 WL 2527024, at *11. And in *SodexoMAGIC*, the court held that a document (Document #5) was not privileged because there was no lawyer on the chain and the party claiming privilege did not meet its burden of showing that the specific lawyer that the party claimed provided legal advice underlying the communication in fact provided such legal advice. 291 F. Supp. 3d at 686. Likewise, here, Document 46 is a communication between businesspeople, not lawyers, no lawyer was copied on the chain, and Lannett has offered no evidence that a lawyer requested the email be sent to convey legal advice, or even that any lawyer was aware the email was sent. Accordingly, the Court correctly determined that it was not privileged.

## CONCLUSION

As set forth above, Lannett's Motion for does not meet the standard for reconsideration, so it should be denied. Additionally, Lannett has not shown that the Court erred in its analysis, so the Motion should be denied for that additional reason.

Dated: New York, New York
November 24, 2021

                MORRISON & FOERSTER LLP

By:  */s/* Jessica Kaufman
    Jessica Kaufman (*Pro hac vice*)
    Tiffani B. Figueroa (*Pro hac vice*)
    Tamara Wiesebron (*Pro hac vice*)
    250 West 55th Street
    New York, New York 10019-9601
    Tel.: (212) 468-8000
    Email: JKaufman@mofo.com
           TFigueroa@mofo.com
           TWiesebron@mofo.com

TROUTMAN PEPPER HAMILTON
SAUNDERS LLP

Michael A. Schwartz (PA 60234)
Robin P. Sumner (PA 82236)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Tel.: (215) 981-4000
Email: Michael.Schwartz@troutman.com
        Robin.Sumner@troutman.com

*Attorneys for Plaintiff Sandoz Inc.*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDOZ INC., <br><br> Plaintiff, <br><br> -vs- <br><br> LANNETT COMPANY, INC., <br><br> Defendant. | Case No. 2:20-cv-3538-GAM |

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that Plaintiff Sandoz's Memorandum of Law in Support of Its Opposition for Reconsideration Motion was filed electronically and is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent to all counsel of record by operation of the ECF system.

Dated: New York, New York                  */s/ Jessica Kaufman*
    November 24, 2021                        Jessica Kaufman