UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDOZ INC., <br><br> Plaintiff, <br><br> - against - <br><br> LANNETT COMPANY, INC., <br><br> Defendant. | Case No. 20-cv-3538 (GAM) <br><br> Civil Action |

# DEFENDANT LANNETT COMPANY, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 4, 2021 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF SANDOZ INC.'S MOTION TO COMPEL

Karl Gunderson (PA Bar ID 315413)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: 312-862-2379
karl.gunderson@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*)
Jay P. Lefkowitz, P.C. (*pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
devora.allon@kirkland.com
lefkowitz@kirkland.com

*Attorneys for Lannett Company, Inc.*

Although styled as an opposition, Sandoz's response to Lannett's Motion for Reconsideration reveals that Sandoz agrees with the argument that forms the basis for Lannett's request for reconsideration. Sandoz asserts that "[i]t is undisputed that communications between non-attorneys relaying legal advice *may* retain their privileged status *under certain circumstances*." *See* Sandoz Opposition, ECF No. 114, at 4 ("Opp."). This is precisely what Lannett argued in its motion. *See* Motion for Reconsideration, ECF 113-1, at 3–5 ("Mot."). Therefore, both parties agree that this Court's application of a *per se* rule requiring communications to be "made to an attorney or their agent" in order to be privileged, *see* Court's November 4, 2021 Order, ECF No. 111, at 4 (the "Order"), misapplied Pennsylvania's privilege law. Accordingly, while Sandoz disputes whether Document 46 should be properly withheld as privileged when assessed under the proper legal standard, it cannot contest the need for a fresh analysis that applies this agreed-upon standard. Lannett respectfully requests that this Court reconsider the Order as it relates to Document 46 and hold that it remains protected by the attorney-client privilege.

## ARGUMENT

### I. RECONSIDERATION IS WARRANTED BECAUSE THE COURT MISAPPLIED THE LAW.

Sandoz and Lannett agree that "[i]t is undisputed that communications between non-attorneys relaying legal advice *may* retain their privileged status *under certain circumstances*." Opp. at 4. And while Sandoz attempts to concoct a dispute by implying that Lannett's argument is that *BouSamra* mandates finding Document 46 to be privileged or that the federal court cases Lannett cites render Document 46 "*automatically* privileged," Opp. at 4–5, this very clearly is not Lannett's position on this motion. Lannett argues only that neither *BouSamra* or the federal court decisions support this Court's application of a *per se* rule requiring attorneys to be included

on a communication for that communication to be privileged. *See* Mot. at 3 ("[T]he *BouSamra* Court expressly did not reach the question of whether sharing privileged information *within* a corporation waives privilege."); *id.* at 4–5 (explaining that Pennsylvania federal courts hold that "communications between non-lawyers that relay legal advice may be privileged" where "the communication in question was made for the express purpose of securing legal not business advice" (quoting *SodexoMAGIC, LLC v. Drexel Univ.*, 291 F. Supp. 3d 681, 684 (E.D. Pa. 2018)). As detailed in its supposed Opposition, Sandoz agrees. *See* Opp. at 4–5. And given that the parties agree that a differing controlling law applies on this narrow question of law than the *per se* rule this Court applied in its Order, reconsideration is warranted. *See, e.g.*, *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 399 (E.D. Pa. 2002) (granting motion for reconsideration where prior decision rested on the court's "incorrect recitation of Pennsylvania law"); *In re Allegheny Int'l, Inc.*, 136 B.R. 396, 408 (Bankr. W.D. Pa. 1991), *aff'd and remanded by* 145 B.R. 823 (W.D.Pa. 1992) (granting motion for reconsideration when parties agreed that the court's calculations were incorrect); *Mondis Tech. Ltd. v. LG Elecs., Inc.*, 2020 WL 6547551, at *3 (D.N.J. Nov. 6, 2020) ("As for paragraph 23, as already discussed, the parties agree that, under the reasoning of the decision, paragraph 23 should have been struck. As to paragraph 23, the motion for reconsideration will be granted, and the Court will strike paragraph 23.").

Sandoz is wrong that this Court "already considered those narrow exceptions when it reviewed Document 46 *in camera*." Opp. at 4. This Court made clear that it was applying a *per se* rule requiring attorneys to be on the communication when it concluded that Document 46 was not protected by the attorney-client privilege: "As no attorney is present on these communications, these email chains fail to satisfy the second prong that the communication be

made to an attorney or their agent, and thus, are not protected by the attorney-client privilege." Order at 4.[1] And Sandoz's argument that this Court "recognized" that there were exceptions to this *per se* rule "in several of its other rulings," Opp. at 4, is similarly inaccurate. Documents 649 and 829 both have attorneys on the portions of the communications that this Court concluded remained subject to valid claims of privilege, and this Court ordered produced the portions of these documents which did not contain attorneys, notwithstanding the fact that these emails often simply relayed the underlying privileged communications to other employees within Lannett. *See* Order at 5 ("For **829**, the final email must be produced, as no attorney is copied . . . ."). The Court applied the same *per se* rule to these documents as it did to Document 46, so Sandoz's argument that this Court's analysis of Documents 649 and 829 shows a reevaluation of Document 46 is unnecessary is misguided. Because this *per se* rule is inconsistent with the weight of existing legal authority, reconsideration is warranted.

## II. UNDER THE APPLICABLE LAW, DOCUMENT 46 SHOULD BE WITHHELD AS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.

Applying the prevailing standard in this Circuit for assessing whether the privilege attaches to communications between non-attorneys, Document 46 is properly withheld as privileged. "A document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds," *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005), and "documents subject to the privilege may be

---

[1] For this same reason, Sandoz is incorrect that reconsideration is not warranted because Lannett's motion already identified the correct legal standard for assessing whether non-attorney communications are privileged, and provided the case law in support. *See* Opp. at 3 (citing ECF No. 98 at 10–12 & n.30). To the contrary, "[t]he key to success on a motion [for reconsideration] is to show that there were facts or legal issues properly presented but overlooked by the court in its decision." *Blue Mountain Mushroom Co.*, 246 F. Supp. 2d at 398–99 (quoting E.D. Pa. R. 7.1(g), cmt. 6.b.). Although Lannett presented these arguments and cases to the Court, the Order does not address them when applying the *per se* rule.

transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately." *Id.*; *see also* Mot. at 4–6 (collecting cases). As explained in Lannett's opening brief, applying this standard, Document 46 is properly withheld as privileged. *See* Mot. at 6. In the unredacted portion of the document, Lannett employees were discussing how properly to "get[] Levo listed on the CMS site, which they say would require "establish[ing] and AMP . . . using Sandoz AMP data." The remainder of the email is redacted. But as the Court is aware from its *in-camera* review, the redacted portion contains an *actual screenshot* of advice from outside counsel relevant to this precise issue. In this circumstance, where legal advice from counsel was "transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately," *SmithKline*, 232 F.R.D. at 477, such a document is properly withheld as privileged.

While acknowledging that it does not actually know the content of the redacted communication, Opp. at 2, Sandoz argues that Document 46 is not privileged because it supposedly fails to meet a three-part test of Sandoz's own invention, *see id.* at 5. Specifically, Sandoz claims, without direct support from any legal authority, that "[l]egal advice forwarded by one non-attorney employee to another non-attorney employee loses its privileged status unless (1) the party seeking to assert privilege identifies a specific attorney with whom a confidential communication was made, (2) that communication is forwarded on an as-needed basis, and (3) the privileged advice is recited substantially verbatim." *Id.*[2] But even under Sandoz's artificially

---

[2] Sandoz appears to have assembled this standard from an amalgam of cases, none of which articulate these requirements together. And, for each supposed element of Sandoz's test, Sandoz takes those courts' statements out of context to erect bright-line rules that simply do not exist. For instance, the courts articulating a rule requiring the identification of a specific attorney did so in the context of communications *with* the attorney, not non-attorney communications. *See Se. Pa. Transp. Auth. v. Caremarkpcs Health, L.P.*, 254 F.R.D. 253, 259 (E.D. Pa. 2008) (quoting *SmithKline*, 232 F.R.D. at 477). The "as-needed basis"

4

narrow articulation of the controlling standard, Document 46 is properly withheld as privileged. Lannett has identified that the legal advice contained in Document 46 comes from "outside counsel," as this Court acknowledged. *See* Order at 4 (noting that Document 46 was "passing on legal advice from outside counsel."). It is clear from the face of the document that the communication was being "forwarded on an as-needed basis," because the legal advice is shared with an employee seeking to implement that advice. And it is beyond doubt that the "privileged advice is recited substantially verbatim," as it is transmitted by way of a screenshot of outside counsel's communication. Under even the most self-serving standard articulated by Sandoz, Document 46 is properly withheld as privileged.

## CONCLUSION

For the foregoing reasons, Lannett respectfully requests that the Court reconsider portions of its November 4, 2021 Order and hold that Document 46 is properly protected by the attorney-client privilege.

---

requirement is not as exacting as Sandoz suggests, as the courts articulating the requirement find it fulfilled where the privileged communications are relayed to employees so that they (and thereby the corporation) "may be properly informed of legal advice and act appropriately." *Keating v. McCahill*, 2012 WL 2527024, at *3, 7 (E.D. Pa. July 2, 2012). Finally, the supposed "substantially verbatim" element is taken from *SodexoMAGIC*, 291 F. Supp. 3d at 686, where the court merely applied the rule that it is the substance of the attorney's advice—and not a non-attorney's subsequent interpretation that may rely on that advice—that may be withheld as privileged.

| | |
|---|---|
| Dated: New York, New York<br>December 1, 2021 | KIRKLAND & ELLIS LLP<br><br>By:  /s/ *Devora W. Allon, P.C.*<br>Devora W. Allon, P.C. (*Pro hac vice*)<br>Jay P. Lefkowitz, P.C. (*Pro hac vice*)<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Tel:  212-446-4800<br>devora.allon@kirkland.com<br>lefkowitz@kirkland.com<br><br>Karl Gunderson (PA Bar ID 315413)<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Tel:  312-862-2379<br>karl.gunderson@kirkland.com<br><br>*Attorneys for Lannett Company, Inc.* |

## **CERTIFICATE OF SERVICE**

      I, Devora W. Allon, hereby certify that on December 1, 2021, I served the foregoing Reply by electronically filing this document with the Clerk of Court using the CM/ECF system, which will send an electronic notice to the registered participants as identified on the Notice of Electronic Filing.

Dated:  December 1, 2021          */s/ Devora W. Allon*  
                                                  Devora W. Allon, P.C.